MATTER OF INSURANCE COMPANY OF NORTH AMERICA

In Bond Breach Proceedings

A-19996128

*Decided by Acting Regional Commissioner January 19, 1978*

(1) An immigration bond is a contract solely between the Service and the obligor. The obligor or his attorney-in-fact is the proper party to appeal the Service decision to breach the bond, not the real party in interest or guarantor of the bond. This appeal, made by the guarantor of the bond, will be considered by the Regional Commissioner pursuant to the certification provisions of 8 C.F.R. 103.4.

(2) The alien first entered the country August 23, 1971, as a nonimmigrant visitor for pleasure. She subsequently applied to change her nonimmigrant status to that of student and the application was granted June 28, 1972, after she had posted a maintenance of status and departure bond pursuant to 8 C.F.R. 103.6. She received extensions of stay allowing her to remain until January 15, 1976, as a student. She failed to obtain a further extension of stay subsequent to that date and did not depart the United States. She thus violated the terms and conditions of the bond as specified under 8 C.F.R. 103.6(c)(2) and the District Director's decision to breach the bond was correct.

ON BEHALF OF OBLIGOR: Pro se

This case comes before the Regional Commissioner on appeal from the decision of the District Director who determined that the conditions of the $2,000 bond by the obligor were substantially violated when the obligor failed to establish that the alien had departed the United States within the period she had been authorized to remain. The obligor was served notice on September 22, 1977, that the bond had been breached on January 16, 1976, for the reasons stated above.

The record establishes that although the appeal was timely filed, it was signed and submitted by the real party of interest or guarantor of the bond, not the obligor or his attorney-in-fact. Inasmuch as the bond is a contract solely between the Service and the obligor, the appeal filed by the guarantor cannot be found to be properly before the Regional Commissioner. However, in order that due process is best served, the Regional Commissioner will not summarily dismiss the appeal but instead consider the case as having been certified to him pursuant to 8 C.F.R. 103.4 and will render a decision based on the record before him.

The real party of interest or guarantor has requested oral argument. However, for the same reasons stated above, his request cannot be granted.

The record shows that the alien is a 26-year-old single female, native and citizen of Ethiopia. She was last admitted to the United States on August 23, 1971, as a nonimmigrant visitor for pleasure. On January 6, 1972, she filed an application for change of nonimmigrant status from visitor to student. On April 17, 1972, the application was denied for the reason she had not established she was in possession of sufficient funds in her own right to maintain herself while in student status or that other satisfactory arrangements had been made to provide the necessary funds. She was not able to post a $2,000 bond to guarantee her maintenance of student status and departure on completion of her studies or that she would not become a public charge. On the same date, she was given until June 20, 1972, to depart the United States voluntarily in lieu of deportation proceedings.

On June 6, 1972, the instant bond for $2,000 was posted by the obligor. On June 28, 1972, the denial of the application for change of status was reconsidered and granted, with the alien's temporary stay were filed by the alien. These applications were granted. The last extension of temporary stay was authorized through January 15, 1976. There is no evidence in the record that establishes that the alien departed the United States prior to that date or filed for and was granted an extension of her temporary stay as a student beyond that date.

The guarantor of the bond, in his statement on appeal, argues that the District Director provided no facts that the alien had become a public charge or had failed to depart the United States; that he had reason to believe she was contemplating filing for permanent resident status as she considers herself a political refugee because of the recent changes in the Ethiopian Government.

The maintenance of status and departure conditions of the bond are the only conditions at issue in this case. The bond was breached solely on the grounds that the alien did not obtain further extension of her temporary stay as a student and did not depart the United States when her last authorized extension of temporary stay expired.

The terms and conditions of the maintenance of status and departure bond of $2,000 executed by and signed by the obligor are stated as follows:

In consideration of the granting of the application of the above alien for permission to enter or remain temporarily in the United States as a nonimmigrant under section 101(a)(15) of the Immigration and Nationality Act, provided there is furnished a suitable bond, the obligor hereby furnishes such bond with the following conditions: If said alien is admitted to the United States for a temporary period as a nonimmigrant,

252

or is granted an extension of temporary admission, or is granted a change in nonimmigrant classification, and if said alien shall comply with all the conditions of each specific nonimmigrant status which he is accorded while classified in such status, including the condition that unauthorized employment shall not be accepted, and actually depart from the United States without expense thereto on or before the date to which admitted or extended or such subsequent date as may be authorized in extension of his lawful temporary stay beyond such date, without notice to the obligor, then this obligation shall be void; otherwise it shall become due and payable immediately in the sum of $2,000 for each alien as to whom there shall have been a failure to comply with any of the foregoing conditions, provided further, that no adjustment of the immigration status of said alien shall be construed to impair or diminish this obligation.

8 C.F.R. 103.6(c)(2) as it relates to maintenance of status and departure bonds in pertinent part, states:

... the term lawful temporary status means that there must not have been a violation of any of the conditions of the alien's nonimmigrant classification by acceptance of unauthorized employment or otherwise during the time he has been accorded such classification, and that from the date of admission to the date of departure or adjustment of status he must have had uninterrupted. (Emphasis supplied.) Service approval of his presence in the United States in the form of regular extensions of stay or dates set by which departure is to occur, or a combination of both.

8 C.F.R. 103.6(c)(3) states substantial performance of all conditions imposed by the terms of the bond shall release the obligor from liability.

In the instant case, it is clear that there has not been substantial compliance with all the terms or conditions of the bond. By the alien's failure to obtain an extension of her temporary stay as a student beyond the January 15, 1976, date, her lawful temporary stay as specified in 8 C.F.R. 103.6(c)(2), terminated and she did not depart the United States.

The entire record has been carefully considered. It is concluded that substantial compliance of the bond did not occur in as much as the alien failed to maintain her lawful temporary status as a nonimmigrant student nor did she depart the United States. Therefore, by such failure the terms and conditions of the bond were violated and the obligor incurred the liability. The District Director properly breached the bond. His decision, having been certified, will be affirmed.

ORDER: The decision of the District Director is affirmed.